STATE OF CONNECTICUT v. GEORGE KANIA

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 28, 1962

*Louis W. Webber,* of Hartford, for the defendant.

*John D. LaBelle,* state's attorney, for the state.

By the Division. The defendant, age thirty, was found guilty, after a jury trial, on one count of the charge of conspiracy to obtain money by false pretenses involving the planning of a contrived automobile accident with several codefendants. He was sentenced to not less than two nor more than four years on this count. Later, he pleaded guilty to an additional count of conspiracy to obtain money arising out of another similar fraudulent plan and to a count of larceny of goods and merchandise (in excess of $250 but not more than $2000), being sentenced to not less than three nor more than five years on the former charge and one year on the latter. The effective sentence was therefore not less than three nor more than six years. The penalties provided by statute are $5000 or imprisonment for not more than fifteen years or both on each of the conspiracy counts and $500 or five years or both on the larceny count.

The conspiracy counts concerned this defendant's participation in a "fake accident racket" of the lowest order in which he was one of the ringleaders. Neither the circumstances of the offenses charged nor his prior record, which included two convictions for pool selling and one for liquor law violation, all in 1960, indicates cause for considering the sentence imposed excessive. However, the two counts of conspiracy arose out of almost identical circumstances, and a plea of guilty to the second conspiracy count would appear to call for the imposition of no greater a penalty than the first, upon which there was a conviction after jury trial. Considering this aspect of the petition as well as the sentences which were im-

posed upon the coconspirators of the petitioner, it appears that some modification of the second sentence should be ordered.

It is ordered that the defendant's sentence on the second conspiracy count be reduced from "not less than three nor more than five years" to "not less than two nor more than four years," to run concurrently with the sentence imposed on the first count, so that his effective sentence on these three counts, including one of larceny, shall be not less than two nor more than five years.

HEALEY, HOUSE and MACDONALD, Js., participated in this decision.